**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARY ANN NAGY, | : | CIVIL ACTION NO. 09-1756 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| CONSOLIDATED SERVICES GROUP, INC., et al., | : |  |
| Defendants. | : |  |

**COOPER, District Judge**

Plaintiff, Mary Ann Nagy, brought this action in state court asserting breach of contract claims against defendants, Consolidated Services Group, Inc. ("CSG") and Michael A. Morrone ("Morrone" and with CSG, "defendants"). (Dkt. entry no. 1, Compl.) Defendants removed the action to federal court based upon 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 1, Rmv. Not. at 1-2.) Defendants, in effect, move to transfer venue. (Dkt. entry no. 4, Mot. to Transfer.) Plaintiff opposes the motion to transfer and cross-moves (1) for summary judgment on Count I of the Complaint, and (2) to enjoin defendants from prosecuting an action brought against plaintiff in the Court of Common Pleas of Montgomery County, Pennsylvania ("Montgomery County Action"). (Dkt. entry no. 9, Pl. Br. at 1-2.) Defendants oppose the cross motion. (Dkt. entry no. 13, Defs. Reply Br. at 1.) The Court determines the motion and cross motion on briefs without an oral

hearing, pursuant to Federal Rule of Civil Procedure ("Rule") 78(b).  The Court, for the reasons stated herein, will (1) deny the motion to transfer venue, and (2) deny the cross motion for summary judgment and injunctive relief.

## BACKGROUND

Plaintiff is a former employee of CSG.  (Dkt. entry no. 4, Defs. Br. at 2.)  At the time plaintiff left CSG, she owned 100 vested shares of CSG voting common stock ("shares"), which she obtained pursuant to her employment agreement with CSG ("Employment Agreement") and a Restricted Stock Award.  (Id.; Pl. Br. at 6; see Defs. Br., Ex. B, Employment & Restrictive Covenant Agreement at 14.)  Plaintiff's shares are governed by the Shareholders Agreement, which does not contain a forum selection clause.  (Pl. Br. at 6, 13; dkt. entry no. 9, App. of Exs., Ex. B, Shareholders Agreement.)  The Shareholders Agreement gives CSG and Morrone the option to purchase all of plaintiff's shares for the fair market value of the shares upon termination of plaintiff's employment with CSG.  (Pl. Br. at 6-7; Shareholders Agreement at 4-5.)  The Shareholders Agreement sets out the process for determining the fair market value of plaintiff's shares.  (See Shareholders Agreement at 7.)  Morrone exercised his option to purchase plaintiff's shares, and the parties engaged in negotiations but have been unable to agree on the fair market value of the shares. (Pl. Br. at 7-8; see Defs. Br. at 3.)

Plaintiff brought this action, alleging that defendants breached the Shareholders Agreement and seeking, <u>inter alia</u>, judgment requiring defendants to comply with Article II, Section 2.6 of the Shareholders Agreement.  (<u>See</u> Compl. at 1, 4-6.) Defendants brought the Montgomery County Action, seeking, <u>inter alia</u>, a judgment declaring that plaintiff breached the Shareholders Agreement.  (Defs. Br., Ex. C, Montgomery County Compl. at 4.)  Defendants now, in effect, move to transfer venue to the Eastern District of Pennsylvania.  (Defs. Br. at 1.) Plaintiff opposes the motion to transfer and cross-moves for summary judgment and injunctive relief. (Pl. Br. at 1-2.) Defendants oppose the cross motion.  (Defs. Reply Br. at 1.)

**DISCUSSION**

**I.   Motion to Transfer Venue**[1]

    **A.   Applicable Legal Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).  To transfer an action, it must

---

[1] Although defendants cite Rule 12(b)(3), the Court will treat defendants' motion as a motion to transfer venue under Section 1404(a).  Defendants do not show that, or even address whether, venue in New Jersey is improper, and cite no legal authority in support of their motion.  Indeed, the factual arguments presented by defendants are indicative of a motion for relief under Section 1404(a).

be shown that the alternative venue is not only adequate, but also more convenient than the current one.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  District courts have broad discretion to determine - on a case-by-case basis - whether considerations of convenience and fairness favor transfer.  Id. at 883.

Courts balance private and public interests when deciding whether to transfer venue under Section 1404(a).  Id. at 879.  Private interests include a plaintiff's choice of forum, a defendant's preference, whether the claim arose elsewhere, convenience of the parties as indicated by their physical and financial condition, convenience of witnesses to the extent that they may be unavailable in one forum, and the location of books and records to the extent they could not be produced in alternative fora.  Id.; Yocham v. Novartis Pharms. Corp., 565 F.Supp.2d 554, 557 (D.N.J. 2008).  A forum selection clause is generally entitled to "substantial consideration."  Jumara, 55 F.3d at 880.  Deference to a plaintiff's choice of forum is inappropriate where the plaintiff has already freely agreed to an appropriate venue.  Id.  Where there is a valid forum selection clause, the plaintiffs must show why they should not be bound by their contractual choice of forum.  Id.

Courts also consider public interests in the Section 1404(a) analysis, including enforceability of a judgment, practical

4

considerations that could make the trial easy, expeditious or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding a local controversy, public policies of the fora, and familiarity of the district court with applicable state law.  Id. at 879-80; Yocham, 565 F.Supp.2d at 557.

### B. Legal Standard Applied Here

Defendants argue that the action should be transferred to Pennsylvania based on a forum selection clause in the Employment Agreement designating Pennsylvania state courts and/or the United States District Court for the Eastern District of Pennsylvania as "the exclusive courts of jurisdiction with respect to the interpretation or enforcement of the provisions of this Agreement."  (Employment & Restrictive Covenant Agreement at 16; see Defs. Br. at 2, 4-5.)  Defendants argue that since the Employment Agreement gave plaintiff her claimed ownership interest in her shares and related distributions, its venue provision should apply to this dispute.  (Defs. Br. at 4-5.) Defendants also assert that the action should be transferred to Pennsylvania because all the witnesses and documents relating to plaintiff's claims are located in Pennsylvania, and defendants brought the Montgomery County Action before plaintiff served them with the Complaint in this action.  (Id. at 5-6.)

5

Plaintiff argues that this dispute is governed by the Shareholders Agreement, not the Employment Agreement, since plaintiff was no longer an employee of CSG when the dispute arose.  (Pl. Br. at 11-13.)  Plaintiff emphasizes that she seeks relief with regard to her rights and interests as a shareholder of CSG, not as a former employee of CSG, and that the Shareholders Agreement does not contain a forum selection clause.  (Id. at 12-13.)  Plaintiff further argues that the current forum is not inconvenient.  (Id. at 13-17.)

The Court concludes that defendants have not shown that the Eastern District of Pennsylvania is a more convenient forum than the District of New Jersey, and thus the Court will not transfer the action under Section 1404(a).  The Employment Agreement's forum selection clause does not apply here because this dispute does not involve "interpretation or enforcement" of the Employment Agreement.  (See Compl.; Employment & Restrictive Covenant Agreement.)  Rather, this dispute involves allegations that defendants breached the Shareholders Agreement by failing to follow the procedures, set out in the Shareholders Agreement, for buying back plaintiff's shares.  (See Compl. at 3-6; Pl. Br. at 11-13.)  Here, plaintiff asserts rights and interests as a shareholder, not an employee, and thus the Shareholders Agreement, not the Employment Agreement, governs.  (See

6

Montgomery County Compl. at 2 ("The rights and obligations of the parties are controlled by [the] Shareholders Agreement.").)

The Court must weigh various interests in determining whether transferring venue is in the interest of justice. See Jumara, 55 F.3d at 879. Here, the private interests do not favor transferring the action to the Eastern District of Pennsylvania. Plaintiff's choice of forum does not favor transfer because she chose a New Jersey forum, and, since New Jersey is her home forum, her choice receives greater deference. (Compl. at 1.) See Rappoport v. Steven Spielberg, Inc., 16 F.Supp.2d 481, 499 (D.N.J. 1998). The location of witnesses and documents also does not favor transfer since defendants have not shown that the witnesses and documents will be unavailable in a New Jersey forum. See Jumara, 55 F.3d at 879 (noting that convenience of witnesses and location of documents should be considered "but only to the extent that [they] may actually be unavailable for trial in one of the fora"). The convenience of the parties does not favor a transfer because defendants will not be greatly inconvenienced by litigating in New Jersey as they do business and maintain offices in New Jersey. (Pl. Br. at 5.) See Osteotech, Inc. v. GenSci Regeneration Scis., Inc., 6 F.Supp.2d 349, 359 (D.N.J. 1998) (finding plaintiff would be less inconvenienced than defendant by litigating away from its home forum since plaintiff did business and had a significant presence

7

in the alternative forum).  Also, defendants have not shown any physical or financial limitations to their ability to litigate the action in New Jersey.  See IMS Health, Inc. v. Vality Tech. Inc., 59 F.Supp.2d 454, 470 (E.D. Pa. 1999) (emphasizing that defendant failed to show it would be physically or financially unable to litigate in plaintiff's chosen forum).

The public interests also do not favor transfer to the Eastern District of Pennsylvania.  Enforceability of the judgment does not favor either forum because the ultimate judgment will be enforceable in both states.  See Yocham, 565 F.Supp.2d at 559. Administrative ease does not favor transfer since a transfer will not prevent parallel litigation in federal and state court.  Cf. Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F.Supp.2d 518, 537 (D.N.J. 2000) (stating that where related actions exist, it is in the interest of justice to permit both actions to proceed before one court).[2]  Here, the Montgomery County Action will proceed even if this action is transferred to the Eastern

---

[2] The Court, under Section 1404(a), may only transfer an action to another "district or division" in which the action might have been brought.  28 U.S.C. § 1404(a).  The Court may not transfer an action to state court under Section 1404(a).  Id.; see Pope v. Atl. Coast Line R.R. Co., 345 U.S. 379, 384 (1953) (stating that the purpose of Section 1404(a) "is to authorize, under certain circumstances, the transfer of a civil action from one federal forum to another federal forum in which the action 'might have been brought'" (emphasis added)).

District of Pennsylvania.[3]  Defendants have not identified any public policy concerns or practical considerations that could make trial easy that weigh in favor of transferring venue.  Thus, the private and public interest factors do not favor transfer of the action to the Eastern District of Pennsylvania.

**II.  Cross Motion for Summary Judgment**

    **A.  Applicable Legal Standard**

Rule 56(c) provides that summary judgment is proper if the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The summary judgment movant bears the initial burden of showing that there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant has met this prima facie burden, the non-movant must set out specific facts showing that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e)(2).  A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A court must view the evidence in the light most favorable to the non-movant when

---

[3] The Court notes that plaintiff was served with the Montgomery County Complaint on March 28, 2009.  (Pl. Br. at 3.)  Section 1446(b) provides for removal to federal court.  See 28 U.S.C. § 1446(b).  Plaintiff has not done so.

deciding a summary judgment motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A court "is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007) (internal quotation omitted).  A non-movant who believes additional discovery is necessary may file a motion pursuant to Rule 56(f). Id.  Rule 56(f) allows a court to deny a motion for summary judgment where the party opposing summary judgment shows that it cannot present facts essential to justify its opposition. Fed.R.Civ.P. 56(f).  A Rule 56(f) motion must identify the particular information sought, how the information would preclude summary judgment, and why the information has not been previously obtained.  St. Surin v. V.I. Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994); Bobian v. CSA Czech Airlines, 232 F.Supp.2d 319, 323 (D.N.J. 2002), aff'd, 93 Fed.Appx. 406 (3d Cir. 2004).  While technical compliance with Rule 56(f) is important, a party's failure to file an affidavit supporting a Rule 56(f) motion is not automatically fatal.  St. Surin, 21 F.3d at 1314.  "If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion."  Doe, 480 F.3d at 257.

10

## B.    Legal Standard Applied Here

Plaintiff argues that she is entitled to summary judgment on Count I of the Complaint because there are no material facts in dispute. (Pl. Br. at 19-21.) Plaintiff asserts that the Montgomery County Complaint is evidence that defendants have breached the Shareholders Agreement. (Id. at 20.) Defendants argue that summary judgment is inappropriate at this time because no discovery has been conducted in this matter. (Defs. Reply Br. at 3-4.) Defendants assert that discovery will show that plaintiff, not defendants, breached the Shareholders Agreement by failing to negotiate in good faith. (Id. at 4.)

The Court finds that summary judgment in plaintiff's favor is inappropriate at this time. To date, no discovery has taken place in this action, nor has the Court issued a scheduling order setting discovery deadlines. (See Defs. Br. at 3-4.) Defendants assert that through discovery they will obtain evidence showing that plaintiff breached the Shareholders Agreement by failing to act and negotiate in good faith and that this failure on plaintiff's part prevented the parties from agreeing on a fair market value for plaintiff's shares. (Id. at 4.) This assertion by defendants is sufficient to satisfy the Rule 56(f) requirement that the non-movant identify the information sought, how the information would preclude summary judgment, and why the information was not previously obtained. See Reed v. Staniero,

No. 06-3496, 2007 WL 3430935, at *7 (D.N.J. Nov. 13, 2007) (recognizing that Rule 56(f) standard is less stringently applied where no meaningful discovery has yet to take place); Mars, Inc. v. Coin Acceptors, Inc., No. 90-49, 1994 WL 16471243, at *2 (D.N.J. June 27, 1994) (stating that Rule 56(f) requirements are "not intended for those situations where there has been no meaningful discovery, such that a party defending against summary judgment is unable to mount a serious defense").  Thus, the Court concludes that since no discovery has yet taken place in this action, summary judgment in plaintiff's favor is inappropriate at this time.  See Doe, 480 F.3d at 257 (stating that court must allow non-movant adequate opportunity to conduct discovery).

**III. Cross Motion for Injunctive Relief**

**A.    Applicable Legal Standard**

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  The Anti-Injunction Act is "an absolute prohibition" against enjoining a state court action unless the injunction satisfies one of the three statutory exceptions.  In re Prudential Ins. Co. of Am. Sales Practices Litig., 314 F.3d 99, 103 (3d Cir. 2002).  This prohibition applies whether movants seek an injunction against

the parties to the state court action or against the state court itself. In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 134 F.3d 133, 144 (3d Cir. 1998). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." In re Prudential Ins., 314 F.3d at 103-04 (internal quotation omitted).

### B. Legal Standard Applied Here

Plaintiff argues that the Court should enjoin defendants from prosecuting the Montgomery County Action because this action was filed first. (Pl. Br. at 17-18.) The Court concludes that the Anti-Injunction Act prohibits it from granting the requested injunctive relief. The Court may only enjoin state court proceedings where the injunction falls within one of the three statutory exceptions. See In re Prudential Ins., 314 F.3d at 103. Here, plaintiff does not identify any exception that applies to her request. (See Pl. Br.; dkt. entry no. 15, Pl. Reply Br.) Thus, the Court will not enjoin the Montgomery County Action. See In re Ayres-Fountain, 137 Fed.Appx. 497, 498 (3d Cir. 2005) (denying plaintiff's request to enjoin state court proceedings as barred by Anti-Injunction Act).

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will (1) deny the motion, in effect, to transfer venue, and (2) deny the cross motion for summary judgment and injunctive relief.  The Court will issue an appropriate order.


                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge


Dated: June 3, 2009